### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|  |  |
|---|---|
| Jonae Murray, | : |
| | : |
| Plaintiff, | : Civil Action No.:  4:09-cv-4123 |
| | : |
| v. | : |
| | : |
| Steinberg, Owens & Stern Collections, Inc.; | : |
| and DOES 1-10, inclusive, | : **COMPLAINT** |
| | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Jonae Murray, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff, Jonae Murray ("Plaintiff"), is an adult individual residing in Houston, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Steinberg, Owens & Stern Collections, Inc. (hereinafter "Steinberg"), is a Texas business entity with an address of 9903 South Dairy Ashford Street, Suite # 5001, Houston, Texas 77083, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Steinberg and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Steinberg at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff incurred a financial obligation in the approximate amount of $100 (the "Debt") in connection with a purchase from a furniture store.

9.      The Debt arose from services provided by a creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Steinberg for collection, or Steinberg was employed by the creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Steinberg Engages in Harassment and Abusive Tactics**

12.      The Defendants represented themselves to the Plaintiff as a law firm, which they are not.

2

13.     The Defendants were verbally abusive to the Plaintiff during telephone conversations.

14.     The Defendants threatened to have the Plaintiff arrested.  They told the Plaintiff, "You're not gonna have a Thanksgiving because you're gonna be in jail!"

15.     The Defendants attempted to collect approximately $500 more than the amount owed by the Plaintiff.

16.     The Defendants failed to mail the Plaintiff a validation notice stating the amount of the original debt and identifying the original creditor.

17.     The Defendants failed to mail the Plaintiff a notice informing her of her right to dispute the Debt and to obtain verification of the Debt.

18.     The Defendants contacted the Plaintiff's friend and discussed the Debt with her, telling her that the Plaintiff owed money and that Plaintiff would be arrested unless she paid the Debt.

**C.      Plaintiff Suffered Actual Damages**

19.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## <u>COUNT I</u>
## <u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that the Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that the Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the consumer.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that the Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with imprisonment if the debt was not paid.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that the Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants employed false and deceptive means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692f(1) in that the Defendants attempted to collect an amount not authorized by the agreement creating the debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

4

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

36.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

37.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

38.     The Plaintiff is entitled to damages as a result of the Defendants' violations.


**COUNT II**
**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**
**TEX. FIN. CODE ANN. § 392, et al.**

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

5

41.     The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

42.     The Defendants falsely accused or threatened to falsely accuse the Plaintiff of fraud or a crime, in violation of Tex. Fin. Code Ann. § 392.301(a)(2).

43.     The Defendants threatened that the Plaintiff would be arrested for nonpayment of the debt without court proceedings, in violation of Tex. Fin. Code Ann. § 392.301(a)(5).

44.     The Defendants threatened to file a criminal complaint against the Plaintiff, despite having knowledge that the Plaintiff did not violate a criminal law, in violation of Tex. Fin. Code Ann. § 392.301(a)(6).

45.     The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

46.     The Defendants attempted to collect a charge, fee or expense unauthorized by agreement, in violation of Tex. Fin. Code Ann. § 392.303(a)(2).

47.     The Defendants purported to be attorneys when they were not, in violation of Tex. Fin. Code Ann. § 392.304(17).

48.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

6

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

51.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Texas state law.

52.     To establish a claim for invasion of privacy by intrusion into private affairs, the plaintiff must show:  (1) the defendant intentionally intruded of the plaintiff's solitude, seclusion, or private affairs; (2) the intrusion would be highly offensive to a reasonable person; and (3) the plaintiff suffered an injury as a result of the defendant's intrusion.  *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993).

53.     Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls.

54.     The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Texas law requirements for an invasion of privacy.

55.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

56.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

57.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

59.     To establish a cause of action for intentional infliction of emotional distress, a

plaintiff must show: (1) the defendant acted intentionally or recklessly; (2) the defendant's

conduct was extreme and outrageous; (3) the defendant's conduct was directed at the plaintiff or

at a third person in the plaintiff's presence; (4) the defendant's conduct proximately caused the

plaintiff emotional distress; and (5) the emotional distress suffered by the plaintiff was severe.

*Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998).

60.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the

Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community.

61.     The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of Texas.

62.     All acts of the Defendants and the Collectors complained of herein were

committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are

subject to imposition of punitive damages.


## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C.

    § 1692k(a)(2)(A) against the Defendants;

8

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against the Defendants;

4.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5.  Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6.   Remedies under Tex. Bus. & Comm. Code  § 17.62 pursuant to Tex. Fin.

    Code Ann. § 392.404(a);

7.  Actual damages from the Defendants for the all damages including

    emotional distress suffered as a result of the intentional, reckless, and/or

    negligent FDCPA violations and intentional, reckless, and/or negligent

    invasions of privacy in an amount to be determined at trial for the Plaintiff;

8.  Punitive damages; and

9.  Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 29, 2009

Respectfully submitted,
By:  __/s/ Diana P. Larson_____
Diana P. Larson, *Attorney-in-Charge*
Texas Bar No. 24007799
Southern District Bar No. 24957
The Larson Law Office, PLLC
440 Louisiana, Suite 900
Houston, Texas  77002
Telephone:  (713) 221-9088
Facsimile:  (832) 415-9762
Email:  diana@thelarsonlawoffice.com

Of Counsel To:
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250

Facsimile:  (877) 795-3666

ATTORNEYS FOR PLAINTIFF